## State Highways in Cities and Boroughs

BARD, Attorney General, July 5, 1938.—We have your request to be advised concerning certain powers and obligations of the Department of Highways with reference to State highways in cities and boroughs. We shall consider separately the questions raised by you.

You first desire to be advised as to whether the Department of Highways may expend its funds to construct a new street and to assist in the engineering thereof to be used as a relocation of a State highway within a city, even though the city has not actually constructed and opened the new street for use by the public.

The Act of June 22, 1931, P. L. 720, provides for the taking over as State highways in cities other than cities of the first class of certain enumerated streets. Section 7 of the act, as amended by section 3 of the Act of July 12, 1935, P. L. 793, permits the Department of Highways, with the consent of the city, to relocate any State highway route which is found to be too dangerous or too expensive. The relocation is "to pass over existing streets or new streets, laid out and opened by the city".

Under your first inquiry, it must be determined whether a new street laid out and opened by the city must be a street physically opened or whether it is sufficient to have such a new street laid out and opened by an appropriate city ordinance.

We are of the opinion that the act intended to require the city only to lay out and open such a new street by ordinance. The legislature has authorized the Secretary of Highways to relocate the State highway route either on such a new street or on an "existing" street. If the city were required to open physically the new street, it would then become an existing street and the language in the act referring to new streets would be surplusage and meaningless. It is fundamental that the legislature does not intend to do a vain thing, and that, therefore, all words contained in a statute must be given some meaning, if possible. We are of the opinion that the language in section 7 of the act referring to new streets can mean only new streets laid out and opened by city ordinance, and not those actually physically opened.

Your second inquiry concerns the responsibility of the Department of Highways for a city street properly added to the State highway system, but which had no existing curb lines when the act became effective.

The particular street in question is Route no. 60022, in the City of Franklin, which became a part of the State highway system by the Act of June 3, 1933, P. L. 1492. In that act, the street is appropriately described, but no reference is made to the width or the curbs thereof. The present question arises because of section 5 of the Act of 1931, supra, taking over as State highways certain streets in all cities except Philadelphia. Section 5 was amended by the Act of May 4, 1933, P. L. 268, to read as follows:

"The obligation of the Commonwealth in the construction, reconstruction, resurfacing or maintenance, as hereinbefore provided, shall be limited to that part of the street, or section thereof, between curb lines, as established at the time of passage of this act."

It is difficult to ascertain the exact time as of which this language operates, because various streets were added by a later Act of 1933 and also in 1935 and 1937 to those established as State highways by the Act of 1931. As to the streets added in 1933, 1935, and 1937, this language concerning established curb lines can have no effect as of May 4, 1933. There is considerable doubt as to whether this provision has any effect on the subsequent additions. Nevertheless, if we assume that, as to the 1933, 1935, and 1937 additions, the curb lines are the limits of responsibility (which is the only interpretation giving any significance to the Act of May 4, 1933), then we believe that the provision applies as of the time the respective Acts of 1933, 1935, and 1937, adding streets to the State highway system, are effective.

You state as to Route no. 60022, in the City of Franklin, there was no curb actually in existence, nor any curb line ordained on June 3, 1933, the date that this route was added to the State highway system. It must therefore be determined whether this street became a portion of the State highway system at all, in view of the express limitation upon the responsibility of the department imposed by section 5 of the Act of 1931, as amended.

Nevertheless, in spite of this limitation, we are of the opinion that it was the legislative intent to add this street to the system of State highways, and such intent cannot be defeated by a limitation on the obligation of the Commonwealth with respect to the construction or maintenance thereof. Clearly, Route no. 60022 is a State highway, and your department has the obligation of constructing and maintaining it. The limit of such responsibility must be considered to be the same as if curb lines actually existed, and, to this extent, your department would be justified in relying upon a subsequent ordinance of the city ordaining curb lines. Otherwise, we must revert to the dictionary definition of a curb as, "A vertical member along the edge of a street to form part of a gutter for the purpose of drainage and for confining vehicular traffic

to the street": Webster's New International Dictionary. In other words, a curb serves as a gutter and as a boundary.

Certainly the Department of Highways is authorized under the Act of 1931, as amended, to maintain the traveled portion of the street, and, if necessary, to extend such maintenance to the gutter lines in the absence of well-defined curb lines.

You next wish to be advised concerning the effect upon State highways within a borough when such borough becomes a third class city.

This situation is presented by the fact that, on January 1, 1938, the Borough of Jeannette became a third class city.

While it is true that, in the development of the State highway system in Pennsylvania, the chronological order of the adoption of State highways was first in townships, second, in boroughs, and, last, in cities, nevertheless, the statutes adopting the various roads as State highway routes described such routes specifically so that a particular piece of road or street was referred to. Thenceforth, such road or street was a State highway and the responsibility of the Department of Highways. There does not appear to be any act of assembly indicating any method of removing a State highway from the system, save through the vacation and abandonment procedure. Consequently, we are of the opinion that, once a particular stretch of road has been adopted as a State highway, it continues thereafter to be a State highway until removed from the system by the legislature or by abandonment or vacation procedure.

For this reason, we are of the opinion that the State highways, in what was formerly the Borough of Jeannette, continue to be State highways maintained by the Department of Highways after January 1, 1938, even though on that day the Borough of Jeannette became a third class city.

In connection with this query, we have examined the provisions of the Act of May 1, 1929, P. L. 1054, which provides for the construction and improvement of streets in third class cities as continuations of State highways. This act provides for the improvement of highways not a part of the State highway system, and if the State highways in Jeannette were not on the system, this act would be available to the department to assist the city officials in the maintenance of the particular streets involved. Nevertheless, we are of the opinion that such agreement under the Act of 1929 is unnecessary because the particular streets in question continued to be State highways.

Finally, you request our advice as to whether the Department of Highways has any authority to correct drainage conditions along State highways within boroughs where the borough has not ordained the width between curbs.

Section 10 of the Sproul Act of May 31, 1911, P. L. 468, regulates the State highways in boroughs. That section as last amended by the Act of June 1, 1933, P. L. 1402, provides, in part, as follows:

"Provided, That all improvements, reconstruction, and maintenance of any road, street, or highway in boroughs or incorporated towns shall be of such *width and type as may be determined by the Secretary of Highways.*" (Italics supplied.)

This language was construed in Informal Opinion of this department no. 764, under date of August 26, 1936, to Honorable Warren Van Dyke, then Secretary of Highways, as follows:

"We believe that this provision places within the discretion of the Secretary of Highways the determination of the extent of the maintenance to be performed, and upon what portions of the street. To decide otherwise would be to deprive the word 'width' of all significance."

Since section 10 of the Sproul Act places no limitation upon the extent of maintenance of State highways in boroughs but places the extent of such maintenance

within the discretion of the Secretary of Highways, we are of the opinion that the Department of Highways has the power to take such steps as are necessary to preserve the traveled portion of any State highway within a borough. Whether or not curb lines have been ordained by the borough is immaterial as long as the work performed by the department is within the right-of-way limits of the highway. However, if it becomes necessary to construct drainage ditches beyond the right-of-way limits, this can be accomplished only under the provisions of the Act of April 29, 1925, P. L. 360, as amended. Under that act damages for the construction of drainage ditches would be payable in the same manner as are land damages resulting from the improvement of State highways in boroughs.

To summarize, you are advised as follows:

1. The Department of Highways may expend its funds for the engineering and construction of a new street to be used as a relocation of a State highway within a city, if the street has been laid out by appropriate city ordinance, even though the city has not actually constructed and opened a new street for use by the public.

2. The Department of Highways is not relieved of responsibility for the maintenance of a city street added to the system of State highways, even though no curb lines are in existence at the time the street became a State highway. The department is authorized to maintain the traveled portion of such a street and, if necessary, to extend its maintenance to the gutter lines in the absence of curb lines.

3. When a borough becomes a third class city all State highways within the former borough continue as State highways within the city, even though not specifically described in a statute as State highway routes within a city.

4. The Department of Highways has authority to correct drainage conditions along State highways within boroughs, even though the borough has not ordained the width between curbs.